FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

16 JAN 20 AM II: 03

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

**SCOTT HOLTREY**, an individual,

        Plaintiff,

v.

**COLLIER COUNTY BOARD OF COUNTY COMMISSIONERS,** a political subdivision of the State of Florida,

        Defendant.

**CIVIL ACTION**

**2:**16 **-C**v **- 3**4 **-FtM-**
**Case No.**        38MRM

**Judge:**

**Mag. Judge:**

## COMPLAINT AND DEMAND FOR JURY TRIAL

    **NOW COMES** the Plaintiff, **SCOTT HOLTREY** ("HOLTREY"), by and through undersigned counsel, and states the following for his Complaint:

### CAUSES OF ACTION

    1.    This is an action brought under the Family & Medical Leave Act (FMLA) for interference in violation of the FMLA.

### PARTIES

    2.    The Plaintiff, **SCOTT HOLTREY** ("HOLTREY") is an individual and a resident of Florida who currently resides in Charlotte County, Florida and but who is employed by Defendant **COLLIER COUNTY BOARD OF COUNTY COMMISSIONERS**, a political subdivision of the State of Florida.

1

3.      Defendant, **COLLIER   COUNTY   BOARD   OF   COUNTY COMMISSIONERS**, a political subdivision of the State of Florida ("Defendant"), employs **HOLTREY** within Collier County, Florida.

4.      At all times material herein, the Defendant was engaged in an industry affecting commerce and had more than 50 employees for each working day.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Collier County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

7.      **HOLTREY** was hired by the Defendant in or about June 2006 and is presently employed by the Defendant as Field Supervisor of Aquatics on a full-time basis.

8.      **HOLTREY** always performed his assigned duties in a professional manner and is very well qualified for his position.

9.      Beginning in early June 2015, **HOLTREY** developed complications of a serious health condition, which serious health condition is a sensitive and private matter that **HOLTREY** desired and expected to be kept private.

10.     **HOLTREY** suffers from a chronic serious health condition.

11.     As a result, **HOLTREY** applied for FMLA leave, which application included the submission of **HOLTREY**'s sensitive and detailed medical information to the Defendant.

2

12.   On August 25, 2015, the Defendant approved **HOLTREY**'s leave from June 21, 2015 to July 7, 2015 as qualifying FMLA leave.

13.   However, upon **HOLTREY**'s return to work, his supervisor immediately began questioning him as to why he took leave and what was wrong with him.

14.   **HOLTREY** disclosed the nature of his serious health condition to his supervisor with the expectation that such sensitive protected health information (PHI) would be kept confidential.

15.   **HOLTREY**'s conversation with his supervisor occurred behind closed doors and **HOLTREY** communicated the nature of his serious health condition solely to advise his supervisor that he may require intermittent FMLA leave in the future and may need reasonable accommodations when working.

16.   At no time has **HOLTREY** disclosed the nature of his serious health condition to anyone other than his supervisor or to the Defendant's human resources department, who received his FMLA application and medical certification.

17.   However, beginning in or about September 2015, **HOLTREY**'s coworkers began approaching him and speaking with detailed knowledge of his serious health condition.

18.   These coworkers advised **HOLTREY** that **HOLTREY**'s serious health condition was discussed during a staff meeting that **HOLTREY** did not attend.

19.   As a result, at least eight (8) of **HOLTREY**'s coworkers and subordinate employees have now become aware of **HOLTREY**'s serious health condition, which subordinate employees have been making jokes about **HOLTREY**' serious health condition.

20.   These jokes were overheard by **HOLTREY**.

3

21.     These coworkers and subordinate employees have been approaching **HOLTREY** to make specific inquiries relating directly to his serious health condition.

22.     Under the FMLA, the Defendant was required to keep **HOLTREY's** PHI confidential and was prohibited from disclosing **HOLTREY's** PHI.

23.     If an employee takes leave under the FMLA, co-workers may only be told that the employee is taking leave.

24.     However, the Defendant disclosed **HOLTREY's** PHI to his coworkers without **HOLTREY's** authorization.

25.     **HOLTREY** has demanded the Defendant take corrective action but none has been taken by the Defendant.

26.     As a result, the Defendant has interfered with **HOLTREY's** rights under the FMLA and has caused, and continues to allow, **HOLTREY** to be subjected to a hostile work environment.

27.     The Defendant is liable for damages under the FMLA.

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

28.     The Plaintiff hereby incorporates Paragraphs 1-27 in this Count by reference as though fully set forth below.

29.     **HOLTREY** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since he himself began suffering from a serious health condition, had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

4

30.    **HOLTREY** informed the Defendant of his need for leave for his own serious health condition.

31.    The Defendant determined that **HOLTREY** was eligible for leave under the FMLA.

32.    As a result, **HOLTREY** is entitled to all of the rights, benefits and protections of the FMLA, including the Defendant's duty to keep his PHI confidential.

33.    The Defendant breached this duty and thus interfered with **HOLTREY**'s rights under the FMLA by disclosing his PHI without his consent.

34.    As a result of the above-described violations of FMLA, **HOLTREY** has been damaged by the Defendant in the nature of lost employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), injunctive or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **SCOTT HOLTREY**, by and through her undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: January 18, 2016

Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com