UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **SCOTT HOLTREY**, an individual,<br><br>            Plaintiff,<br><br>v.<br><br>**COLLIER COUNTY BOARD OF COUNTY COMMISSIONERS,** a political subdivision of the State of Florida,<br><br>            Defendant. | CIVIL ACTION<br><br>Case No.  2:16-cv-034<br><br>Judge: Sheri Polster Chappell<br><br>Mag. Judge: Carol Mirando |

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **SCOTT HOLTREY** ("**HOLTREY**"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 15, and states the following for his Amended Complaint:

**CAUSES OF ACTION**

1.     This is an action brought under the Family & Medical Leave Act (FMLA) for (1) interference in violation of the FMLA, and (2) retaliation in violation of the FMLA.

**PARTIES**

2.     The Plaintiff, **SCOTT HOLTREY** ("**HOLTREY**") is an individual and a resident of Florida who currently resides in Charlotte County, Florida and but who is employed by Defendant **COLLIER COUNTY BOARD OF COUNTY COMMISSIONERS**, a political subdivision of the State of Florida.

1

3. Defendant, **COLLIER COUNTY BOARD OF COUNTY COMMISSIONERS**, a political subdivision of the State of Florida ("Defendant"), employs **HOLTREY** within Collier County, Florida.

4. At all times material herein, the Defendant was engaged in an industry affecting commerce and had more than 50 employees for each working day.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Collier County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

7. **HOLTREY** was hired by the Defendant in or about June 2006 and is presently employed by the Defendant as Field Supervisor of Aquatics on a full-time basis.

8. **HOLTREY** always performed his assigned duties in a professional manner and is very well qualified for his position.

9. Beginning in early June 2015, **HOLTREY** developed complications of a serious health condition, which serious health condition is a sensitive and private matter that **HOLTREY** desired and expected to be kept private.

10. **HOLTREY** suffers from a chronic serious health condition.

11.     29 C.F.R. § 825.500(g) requires records and documents relating to medical certifications, created for purposes of FMLA, to be maintained as confidential medical records separate from the employee's personnel file.

12.     As a result, **HOLTREY** applied for FMLA leave, which application included the submission of **HOLTREY**'s sensitive and detailed medical information to the Defendant.

13.     On August 25, 2015, the Defendant retroactively approved **HOLTREY**'s leave from June 21, 2015 to July 7, 2015 as qualifying FMLA leave.

14.     Unbeknownst to **HOLTREY**, subsequent to his written disclosure of sensitive and detailed medical information to the Defendant, a management level employee of the Defendant chose to retaliate and embarrass **HOLTREY** by disclosing to **HOLTREY**'s coworkers and crew the sensitive and private nature of his serious health condition, which is an impairment of the genito-urinary system.

15.     Upon **HOLTREY**'s return to work, his supervisor immediately began quizzing him as to why he took leave and what was wrong with him.

16.     **HOLTREY** again disclosed the nature of his serious health condition to his supervisor with the continued expectation that such sensitive protected health information (PHI) would be kept confidential.

17.     **HOLTREY**'s conversation with his supervisor occurred behind closed doors and **HOLTREY** communicated the nature of his serious health condition solely to advise his supervisor that he may require intermittent FMLA leave in the future and may need reasonable accommodations when working.

18. At no time has **HOLTREY** disclosed the nature of his serious health condition to anyone other than his supervisor or to the Defendant's human resources department, who received his FMLA application and medical certification.

19. However, beginning in or about September 2015, **HOLTREY**'s coworkers began approaching him and speaking with detailed knowledge of his serious health condition, which information was only contained in his FMLA application and medical certification, which pursuant to 29 C.F.R. § 825.500(g) was to be kept confidential.

20. These coworkers advised **HOLTREY** that **HOLTREY**'s serious health condition, the extent of which was only disclosed in his FMLA application and medical certification, was discussed during a staff meeting that **HOLTREY** did not attend.

21. As a result, at least eight (8) of **HOLTREY**'s coworkers and subordinate employees have now become aware of **HOLTREY**'s serious health condition, which subordinate employees have been making jokes and obscene gestures about **HOLTREY**' serious health condition in front of **HOLTREY**, which has caused to alter the terms and conditions of his employment.

22. These coworkers and subordinate employees have been approaching **HOLTREY** to make specific inquiries relating directly to his serious health condition and very frequently to make fun of him.

23. Under the FMLA, the Defendant was required to keep **HOLTREY**'s PHI confidential and was prohibited from disclosing **HOLTREY**'s PHI.

24. If an employee takes leave under the FMLA, co-workers may only be told that the employee is taking leave.

25.     However, the Defendant disclosed **HOLTREY**'s PHI to his coworkers without **HOLTREY**'s authorization.

26.     **HOLTREY** has demanded the Defendant take corrective action but none has been taken by the Defendant.

27.     As a result, the Defendant has interfered with **HOLTREY**'s rights under the FMLA and has caused, and continues to allow, **HOLTREY** to be subjected to a hostile work environment.

28.     The Defendant is liable for damages under the FMLA.

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

29.     The Plaintiff hereby incorporates Paragraphs 1-28 in this Count by reference as though fully set forth below.

30.     **HOLTREY** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since he himself began suffering from a serious health condition, had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

31.     **HOLTREY** informed the Defendant of his need for leave for his own serious health condition.

32.     The Defendant determined that **HOLTREY** was eligible for leave under the FMLA.

33.     As a result, **HOLTREY** is entitled to all of the rights, benefits and protections of the FMLA, including the Defendant's duty to keep his PHI confidential.

34. The Defendant breached this duty and thus interfered with **HOLTREY**'s rights under the FMLA by disclosing his PHI without his consent.

35. **HOLTREY** engaged in activity protected by the FMLA when he informed the Defendant of his need leave due to his serious health condition, including the disclosure of the nature of his serious health condition.

36. A causal connection exists between **HOLTREY**'s request for FMLA-protected leave and the illegal disclosure of his PHI from his FMLA application and medical certification because the Defendant denied **HOLTREY** a benefit to which he was entitled under the FMLA, to wit: to maintain his FMLA application and medical certification in accordance with 29 C.F.R. § 825.500(g).

37. As a result of the above-described violations of FMLA, **HOLTREY** has been damaged by the Defendant in the nature of lost employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), injunctive or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- RETALIATION

38. The Plaintiff hereby incorporates by reference Paragraphs 1-28 and 30-35 in this Count by reference as though fully set forth below.

39.     **HOLTREY** informed the Defendant of his likely need for leave for his own serious health condition and disclosed his serious health condition in writing.

40.     **HOLTREY** engaged in activity protected by the FMLA when he requested leave due to his serious health condition, and providing details associated therewith.

41.     The Defendant knew, or should have known, that **HOLTREY** was exercising his rights under the FMLA and was aware of **HOLTREY**'s need for FMLA-protected absence and the nature thereof.

42.     A causal connection exists between **HOLTREY**'s request for FMLA-protected leave and the illegal disclosure of his PHI from his FMLA application and medical certification because the Defendant denied **HOLTREY** a benefit to which he was entitled under the FMLA, to wit: to maintain his FMLA application and medical certification in accordance with 29 C.F.R. § 825.500(g).

43.     The Defendant willfully and intentionally retaliated by altering the terms and conditions of **HOLTREY**'s employment by illegally disclosing **HOLTREY**'s PHI from his FMLA application and medical certification because he engaged in the statutorily protected activity of requesting FMLA leave.

44.     As a result of the above-described violations of FMLA, **WASHINGTON** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as

authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **SCOTT HOLTREY**, by and through her undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: May 13, 2016

**s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

**s/ Benjamin H. Yormak**
Benjamin H. Yormak