UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT HOLTREY, individually

    Plaintiff,

v.                                      Case No:   2:16-cv-00034-SPC-CM

COLLIER COUNTY BOARD OF
COUNTY COMMISSIONERS, a
Political Subdivision of the State of
Florida,

    Defendant.
_____/

### **ORDER**[1]

This matter comes before the Court on Defendant Collier County Board of County Commissioners' Motion to Dismiss filed on June 3, 2016. (Doc. #19). Plaintiff Scott Holtrey filed a Response in Opposition on June 10, 2016. (Doc. #21). This matter is ripe for review.

### BACKGROUND

Since 2006, Plaintiff has worked for Defendant. (Doc. #15 at 2). In June 2015, he developed a chronic and serious health condition with his genito-urinary system. (Id. at 2-3). As a result, he applied for leave under the Family Medical Leave Act ("FMLA"), which included "sensitive and detailed medical information." (Id. at 3). Defendant subsequently approved his leave request. (Id.).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Unbeknownst to Plaintiff, a management-level employee allegedly disclosed Plaintiff's condition to his coworkers and subordinates at a staff meeting that he did not attend. (*Id.*). Roughly eight (8) coworkers and subordinates learned of Plaintiff's condition. (Doc. #15 at 4). These coworkers and subordinate employees have approached Plaintiff to inquiry about his condition and "frequently [ ] make fun of him." (*Id.*). Also, the "subordinate employees have been making jokes and obscene gestures about [his] condition in front of him[.]" (*Id.*). Although Plaintiff sought corrective action, Defendant failed to remedy the situation. (*Id.* at 8).

Based on the forgoing, Plaintiff has filed this action against Defendant under the FMLA. (Doc. #1; Doc. #15). He asserts claims for interference and retaliation because Defendant breached his right to confidentiality under the FMLA. Defendant now moves to dismiss the Amended Complaint. (Doc. #19).

## STANDARD OF REVIEW

A pleading must contain a "short and plain statement of the claim showing that a pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that contains only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint is equally insufficient if it contains "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

When deciding a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, this standard of review does not permit all pleadings adorned with facts to survive to the next stage of litigation. The Supreme Court has been clear on this point: a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. See Twombly, 550 U.S. at 570. A claim is facially plausible when the court can draw a reasonable inference that based on the facts pled the opposing party is liable for the alleged misconduct. See Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id.

## DISCUSSION

Defendant moves to dismiss the Amended Complaint, arguing that Plaintiff has failed to allege a *prima facie* claim of interference and retaliation under the FMLA. (Doc. #19 at 1). The crux of Defendant's argument is Plaintiff has failed to allege that it denied him FMLA benefits or engaged in an adverse employment action resulting in damages. Defendant emphasizes that it approved Plaintiff for FMLA leave. (Id. at 3). It also argues that the FMLA interference claim fails because Plaintiff does not adequately allege a hostile work environment. (Id. at 3-4).

Against this backdrop, the Court will address each of Plaintiff's claims in turn.

**A. FMLA Interference (Count I)**

The FMLA entitles an employee "to a total of 12 workweeks of leave during any 12-month period" if the employee suffers from "a serious health condition." 29 U.S.C.

§ 2612. To protect this right, the FMLA authorizes two types of claims – interference and retaliation. See *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001). An interference of rights occurs when an employer interferes with, restrains, or denies the exercise or attempted exercise of rights or benefits under the FMLA. See 29 U.S.C. § 2615(a)(1); *Pereda v. Brookdale Senior Living Cmtys., Inc.*, 666 F.3d 1269, 1272 (11th Cir. 2012) (explaining that interference claims involve an "employee assert[ing] that his employer denied or otherwise interfered with his substantive rights under the [FMLA]."). An employee alleging a claim of interference "need only demonstrate by a preponderance of the evidence that he was entitled to the benefit denied." *Strickland*, 239 F.3d at 1206-07.

In addition, "[r]ecords and documents relating to certifications, recertifications or medical histories of employees or employees' family members, created for purposes of FMLA, shall be maintained as confidential medical records in separate files/records from the usual personnel files." 29 C.F.R. § 825.500(g). "[I]t is unsettled whether this provision gives rise to a private right of action for disclosure[.]" *Holland v. Shinseki*, No. 3:10-CV-0908-B, 2012 WL 162333, at *13 (N.D. Tex. Jan. 18, 2012). Defendant, however, only challenges the sufficiency of Plaintiff's claim and not whether there is a private right of action under § 825.500. The Court thus will limit its review to the sufficiency of the Amended Complaint.

Construing all factual allegations in the Amended Complaint as true, Plaintiff has sufficiently alleged a right of confidentiality and that Defendant breached that right when it disclosed his protected medical information during a staff meeting and without his

permission. And because of this disclosure, Plaintiff's subordinates made jokes and obscene gestures about his condition. (Doc. #15 at 4).

The Court is not persuaded by Defendant's argument that the interference claim fails because, by Plaintiff's own admission, it granted him FMLA leave. (Doc. #19 at 3). The issue in this case is whether confidentiality is a right under the FMLA and whether Defendant interfered with that right. Although district courts conflict on whether a disclosure of an employee's medical information constitutes an interference claim under FMLA,[2] the Court finds that the enforcing labor regulation makes clear that confidentiality of medical information is a right provided and protected under the FMLA. *See* 29 C.F.R. § 825.500(g).

Defendant also asserts that Plaintiff's claim should fail because he has not sufficiently alleged a hostile work environment. (Doc. #19 at 3-4). Defendant relies on *Bryant v. Jones*, 575 F.3d 1281 (11th Cir. 2009) and *Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997). *Bryant* provides the elements that a plaintiff must allege for a hostile work environment claim under Title VII of the Civil Rights Act, while *Allen* provides the factors that courts weigh in assessing a Title VII harassment claim. Both cases are distinguishable.

---

[2] *Compare* Bender v. City of Clearwater, No. 8:04-CV-1929-T23EAJ, 2006 WL 1046944 (M.D. Fla. Apr. 19, 2006) (finding that plaintiff's interference claim failed where one of the allegations was that her employer discussed her leave with other employees. "Plaintiff has not shown that the [the employer's] alleged actions stopped her from taking FMLA leave or prevented her from returning to work at the end of her approved leave"); Johnson v. Moundsvista, Inc., No. CIV. 01-915 DWF/AJB, 2002 WL 2007833 (D. Minn. Aug. 28, 2002) (stating that if there is a private right of action under § 825.500(g) then plaintiff should show tangible injury); *with* Mahran v. Benderson Dev. Co., LLC, No. 10-CV-715A, 2011 WL 1467368 (W.D.N.Y. Apr. 18, 2011) (finding allegations to be sufficient for an FMLA claim where plaintiff alleged that his employer disclosed the contents of his medical records to his co-workers causing him to be subject to harassment and a hostile work environment upon his return); Ekugwum v. City of Jackson, Miss., No. CIVA3:09CV48DPJ-JCS, 2010 WL 1490247 (S.D. Miss. Apr. 13, 2010) (allowing an FMLA claim to survive where plaintiff alleged that others approached her and informed her that they were aware of the confidential information that was submitted to her employer).

Plaintiff does not assert a traditional Title VII hostile work environment. Instead, he alleges that Defendant interfered with his FMLA rights by disclosing his confidential medical information to his coworkers and subordinates, which resulted in a work environment riddled with obscene gestures and jokes at his expense. While the Amended Complaint does not allege in detail how the disclosure affected Plaintiff, it includes sufficient allegations that the subordinates' obscene behavior and joking altered his work conditions. (Doc. #15 at 4). At this preliminary stage of litigation, the Court must accept these allegations as true.

Accordingly, because Plaintiff has sufficiently alleged an FMLA interference claim, the Court denies Defendant's motion to dismiss as to Count I.

## B. FMLA Retaliation Claim (Count II)

Next, the Court turns to Plaintiff's retaliation claim. The FMLA prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any individual" for asserting his rights under the FMLA. 29 U.S.C. § 2615(a)(2). "[T]o succeed on an FMLA retaliation claim, an employee must demonstrate that her employer intentionally discriminated against her in the form of an adverse employment action for having exercised an FMLA right." *Barron v. Sch. Bd. of Hillsborough Cnty.*, 3 F. Supp. 1323, 1333 (M.D. Fla. 2014) (citing *Strickland*, 239 F.3d at 1207). Thus, to allege a retaliation claim, the employee must show, "(1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment decision; and (3) the decision was causally related to the protected activity." *Strickland*, 239 F.3d at 1207. Here, the parties square off over the second element.

As with retaliation claims under Title VII, a challenged employment action is "materially adverse" if it well might have dissuaded a reasonable worker from making or supporting" a claim under the FMLA.  See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (internal quotation omitted).  This requires a showing that the challenged conduct "might have dissuaded a reasonable worker from [engaging in the protected activity]."  Id.

Here, Plaintiff alleges that Defendant's disclosure of his confidential FMLA information constitutes a materially adverse action because it resulted in his co-workers making repeated and frequent jokes and obscene gestures about his condition.  (Doc. #15 at 4; Doc. #21 at 9-10).  These allegations suffice to state an adverse employment action.  At this early stage of litigation, the Court is hard-pressed to find that disclosing confidential medical information about an individual's genito-urinary system to that employee's coworkers and subordinates does not materially affect his working conditions.  Accordingly, the Court denies Defendant's motion to dismiss the FMLA retaliation claim.

Accordingly, it is now **ORDERED**:

Defendant Collier County Board of County Commissioners' Motion to Dismiss (Doc. #19) is **DENIED.**  Defendant shall file an answer in accordance with the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Fort Myers, Florida, this 12th day of January 2017.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record