UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT HOLTREY, an individual

    Plaintiff,

v.                                Case No:   2:16-cv-34-FtM-38CM

COLLIER COUNTY BOARD OF
COUNTY COMMISSIONERS,

    Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Unopposed Motion to Enlarge Case Management Deadlines and Incorporated Memorandum of Law (Doc. 27) filed on December 29, 2016.

### I. Background

On January 20, 2016, Plaintiff initiated this action by filing a complaint against Defendant for alleged violations of the Family and Medical Leave Act ("FMLA").  Doc. 1.  The initial complaint contained one count, interference in violation of the FMLA.  *Id.* at 4.  On May 13, 2016, Plaintiff filed an amended complaint in which he added a retaliation count and a few additional factual allegations; however, the factual basis remained substantially the same as Plaintiff's initial complaint.  *Compare* Docs. 1 and 15.  On June 20, 2016, Plaintiff filed a Charge of Discrimination ("charge") with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human

Relations. Doc. 27 ¶ 4. The charge alleged that Defendant engaged in disability discrimination in violation of the Americans with Disabilities Act ("ADA") and the Florida Civil Rights Act ("FCRA"). *Id.* ¶ 5. Plaintiff states that the same factual basis as Plaintiff's amended complaint supported the charge. *Id.* On May 27, 2016, the Court entered a Case Management and Scheduling Order ("CMSO"), setting forth the pretrial deadlines and scheduling the trial term for June 5, 2017. Doc. 18 at 1-2. The deadline to amend pleadings was on May 31, 2016. *Id.* at 1. Plaintiff now seeks to extend all CMSO deadlines by 120 days so that he can await a Notice of Right to Sue by the EEOC and seek to amend his complaint to add claims under the ADA and FCRA. Doc. 27 at 2.

II. **Discussion**

District courts have broad discretion when managing their cases in order to ensure that the cases move to a timely and orderly conclusion. *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). Rule 16 requires a showing of good cause for modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998) (citation omitted).

Here, Plaintiff states that "[b]ecause the EEOC must have 180-days to investigate the Charge, the Plaintiff could not request the EEOC [to] issue a Notice of Right to Sue until December 17, 2016." Doc. 27 ¶ 6. Plaintiff's attorney requested the EEOC to issue its Notice of Right to Sue on December 17, 2016, but has

yet to receive it.  *Id.*  This, however, does not explain why the schedule could not be met despite Plaintiff's diligence.   Although the complaint was filed on January 2016, the charge was not filed until six months later; indeed, it was filed nearly one month after the deadline to amend pleadings expired.   Doc. 18 at 1.   The Court is aware, however, that it recently entered a ruling on Defendant's motion to dismiss.   Doc. 29.  Thus, the Court will exercise its discretion and extend the deadlines.[1]

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Unopposed Motion to Enlarge Case Management Deadlines and Incorporated Memorandum of Law (Doc. 27) is **GRANTED**.   An amended Case Management and Scheduling Order will be filed under separate cover.

**DONE** and **ORDERED** in Fort Myers, Florida on this 18th day of January, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies: Counsel of record

---

[1] In a Notice filed with the Court on November 22, 2016, Plaintiff informed the Court that he was waiting for the 180 days to pass so he could request a Notice of Right to Sue letter from the EEOC.  Doc. 25.  Plaintiff filed the Notice "in order to alert the Court to an issue that may come before it that may affect scheduling in this case, much like in *Mullins-Shurling v. Sch. Bd. of Lee Cnty.*, Case No: 2:15-cv-323."  *Id.* at 2.  The difference between the instant case and *Mullins*, however, is that the plaintiff in *Mullins* filed the charge with the EEOC one day after he filed his complaint, whereas Plaintiff here waited six months to file the charge and offered no explanation for his delay.  The Court is not making a ruling on Plaintiff's anticipated motion to amend his complaint at this time; it merely addresses this point to alert Plaintiff that to routinely allow this practice as a matter of course would render the Court's scheduling orders superfluous.